IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael Watkins, *individually and as Personal Representative for the Estate of Enid Watkins, Decedent*, <br><br> Plaintiff, <br><br> v. <br><br> Karl Storz Endoscopy-America, Inc., *a California corporation, and* Karl Storz GmbH & Co. KG, *organized in Germany*, <br><br> Defendants. | Civil Action No. 3:15-1585-RMG <br><br><br><br><br><br> **ORDER** |

This matter is before the Court on Defendant Karl Storz GmbH & Co KG's ("KST") motion to dismiss for lack of personal jurisdiction. For the reasons set forth below, the Court grants the motion to dismiss.

I. **Background**

This is a product liability action brought within the Court's diversity jurisdiction. Decedent Enid Watkins, a long-time South Carolina resident, underwent a supra-cervical hysterectomy and bilateral salpingo-oophorectomy on May 5, 2011 in North Carolina, in the Charlotte metropolitan area. (Am. Compl. ¶ 11, July 9, 2015, Dkt. No. 13; Pl.'s Resp. Opp'n Mot. Dismiss 4, Mar. 15, 2016, Dkt. No. 34.) The surgeon used a device known as a morcellator. (Am. Compl. ¶ 11.) Plaintiff alleges that the use of the morcellator potentially disseminated cancerous cells throughout Ms. Gourdine's abdomen, worsened her prognosis, and led to her death. (*Id.* ¶¶ 12–15.) Plaintiff further alleges that Defendants knew or should have known of this risk and failed to communicate the risks to physicians and patients. (*Id.* ¶¶ 17–23.) Defendant KST, a German company, allegedly manufactured the morcellator used. Defendant Karl Storz Endoscopy-America, Inc. ("KSEA"), a

California company, is a subsidiary of KST that markets and distributes the devices within the United States. Plaintiff brings claims for negligence, defective manufacturing, design defect, failure to warn, strict liability, breach of implied warranty, personal injury, breach of express warranty, negligent misrepresentation, fraudulent misrepresentation, fraud by concealment, wrongful death, and survivor pain and suffering. (*Id.* ¶¶ 26–119.) The parties dispute the Court's jurisdiction over KST, but the Court's jurisdiction KSEA is uncontested.

KST moved for dismissal for lack of personal jurisdiction on September 14, 2015. (Def.'s Mot. to Dismiss, Dkt. No. 19.) On January 12, 2016, the Court granted the motion in part and denied it in part. (Order, Dkt. No. 27.) The Court denied the motion to dismiss without prejudice, allowing a renewed motion to dismiss for lack of personal jurisdiction, to be filed by February 4, 2016, after the completion of jurisdictional discovery in a related case. (*Id.*)

On February 4, 2016, KST its renewed motion to dismiss. (Def.'s Mot. to Dismiss, Dkt. No. 30.) Thereafter, the Court allowed a final deposition, jurisdictional discovery closed, and briefing on KST's renewed motion to dismiss for lack of personal jurisdiction completed. (Order, Feb. 29, 2016, Dkt. No. 33.)

## II.    Legal Standard

When a court's personal jurisdiction is challenged, the burden is on the plaintiff to establish that a ground for jurisdiction exists. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). When the court resolves the motion on written submissions (as opposed to an evidentiary hearing), the plaintiff need only make a "prima facie showing of a sufficient jurisdictional basis." *Id.* However, the plaintiff's showing must be based on specific facts set forth in the record. *Magic Toyota, Inc. v. Se. Toyota Distribs., Inc.*, 784 F. Supp. 306, 310 (D.S.C. 1992). The Court may consider the parties' pleadings, affidavits, and other supporting documents but must construe them "in the light most favorable to plaintiff, drawing all inferences and resolving all factual disputes in his favor,

-2-

and assuming plaintiff's credibility." *Sonoco Prods. Co. v. ACE INA Ins.*, 877 F. Supp. 2d 398, 404–05 (D.S.C. 2012) (internal quotation and alteration marks omitted); *see also Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) ("In deciding whether the plaintiff has made the requisite showing, the court must take all disputed facts and reasonable inferences in favor of the plaintiff."). However, a court "need not credit conclusory allegations or draw farfetched inferences." *Sonoco*, 877 F. Supp. 2d at 205 (internal quotation marks omitted).

KST argues that the completion of jurisdictional discovery should raise the legal standard, requiring Plaintiff to prove that personal jurisdiction is appropriate by a preponderance of the evidence, rather than requiring only a *prima facie* showing. (Dkt. No. 30-1 at 8.) This Court was presented with an identical argument in *Schreiner v. Patriarch Partners, LLC*, where it observed that the Fourth Circuit distinguishes between personal jurisdiction decisions based on motion papers and those based on an evidentiary hearing without stating whether jurisdictional discovery makes a district court's consideration more like an evidentiary hearing and so changes the burden of proof. Civ. No. 2:14-220-RMG, 2014 WL 11034777, at *3 (D.S.C. Nov. 7, 2014). In *Schreiner*, the Court did not need to answer that question. The Court now reaches the question and concludes that the completion of jurisdictional discovery requires Plaintiff to prove personal jurisdiction by a preponderance of the evidence. That conclusion is the most logical reading of *Combs*. The Fourth Circuit distinguished between a court determining jurisdiction "on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint," when it "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction," and a court determining jurisdiction by considering evidence on "disputed factual questions," when the plaintiff must "prove the existence of a ground for jurisdiction by a preponderance of the

evidence." *Combs*, 886 F.2d at 676. By "motion papers," the Fourth Circuit clearly means legal arguments regarding assumed facts—*e.g.*, the method by which parties argue Rule 12(b)(6) motions. The purpose of jurisdictional discovery is to give the parties the opportunity to *prove* facts. It would be illogical for the Court to allow extended discovery of jurisdictional facts and then to rule on jurisdiction based on allegations and assumptions rather than facts supported by discovered evidence. *Cf. Brown v. Geha-Werke GmbH*, 69 F. Supp. 2d 770, 774 (D.S.C. 1999) ("Although this court decided the issue of personal jurisdiction without an evidentiary hearing . . . the parties have engaged in jurisdictional discovery and offered evidence beyond the pleadings and affidavits. Consequently, the jurisdictional information before the court is more like that presented at an evidentiary hearing . . . [therefore] Plaintiff must establish personal jurisdiction by a preponderance of the evidence.").

However, "[i]f the jurisdictional facts 'are so intertwined with the facts upon which the ultimate issues on the merits must be resolved,' then '"the entire factual dispute is appropriately resolved only by a proceeding on the merits."'" *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219–20 (4th Cir. 1982) (citation omitted) (regarding subject-matter jurisdiction). In such case, a district court may assume jurisdiction, reserve the question of jurisdiction, and determine relevant jurisdictional facts on a motion going to the merits or at trial. *See United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999) (regarding subject-matter jurisdiction).

To meet his burden, Plaintiff must show (1) that South Carolina's long-arm statute authorizes jurisdiction, and (2) that the exercise of personal jurisdiction complies with the constitutional due process requirements. *E.g., Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). South Carolina has interpreted its long-arm

statute to extend to the constitutional limits of due process. *See S. Plastics Co. v. S. Commerce Bank*, 423 S.E.2d 128, 130–31 (S.C. 1992). Thus, the first step is collapsed into the second, and the only inquiry before the court is whether the due process requirements are met. *ESAB Group, Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 328 (D.S.C. 1999); *Sonoco Prods. Co. v. Inteplast Corp.*, 867 F. Supp. 352, 352 (D.S.C. 1994).

Due process requires that a defendant have sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). This standard can be met in two ways: "by finding specific jurisdiction based on conduct connected to the suit or by finding general jurisdiction." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711–12 (4th Cir. 2002) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). Plaintiff does not claim that the Court has general personal jurisdiction over KST. (Pls.' Resp. Mot. Dismiss 12, Mar. 15, 2016, Dkt. No. 34.) To determine whether specific jurisdiction exists, the Court considers "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Carefirst of Md.*, 334 F.3d at 397 (citing *ALS Scan*, 293 F.3d at 711–12; *Helicopteros Nacionales de Colombia*, 466 U.S. at 414 & n.8). In other words, the defendant must have "minimum contacts" with the forum, *see Burger King*, 471 U.S. at 471–76, the cause of action must arise from those contacts, and the exercise of personal jurisdiction must be reasonable. Courts evaluate the reasonableness of personal jurisdiction by considering "(a) the burden on the defendant, (b) the interests of the forum state, (c) the plaintiff's interest in obtaining relief, (d) the efficient resolution of controversies as

between states, and (e) the shared interests of the several states in furthering substantive social policies." *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 946 (4th Cir. 1994). "Minimum contacts" and "reasonableness" are not independent requirements; rather, they are aspects of the requirement of due process, and thus "considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required." *Burger King*, 471 U.S. at 477.

### III.   Analysis

This case is closely related to *Gourdine et al. v. Karl Storz Endoscopy-America, Inc. et al*, Civ. No. 2:14-4839, currently pending before this Court. Both cases involve the same defendants, the same counsel, the same allegations regarding the risks of morcellators, and the same jurisdictional discovery regarding KST. However, there is a key factual difference between this case and *Gourdine*: here, Ms. Watkins traveled to North Carolina for her surgery. Plaintiff offers no evidence suggesting that the morcellator in question was sold in South Carolina or that it had any connection to South Carolina at all, beyond being used in a procedure performed on a South Carolina resident who had traveled to North Carolina. Specific jurisdiction requires that "plaintiffs' claims arise out of those activities directed at the state." *Carefirst of Md.*, 334 F.3d at 397. Plaintiff speculates that the morcellator *may* have been sold in South Carolina (Pl.'s Sur-Reply Opp'n Mot. Dismiss 12, Mar. 25, 2016, Dkt. No. 38), but Plaintiff must prove jurisdiction by a preponderance of the evidence. Plaintiff has not meet that burden. Plaintiff instead argues that KST injured Ms. Watkins in South Carolina because that is where she lived when her uterine cancer recurred and metastasized. (Pl.'s Resp. Opp'n Mot. Dismiss 32, Mar. 15, 2016, Dkt. No. 20.) The Fourth Circuit has rejected that continuing-tort theory of jurisdiction. *See Wolf v. Richmond Cty. Hosp. Auth.*, 745 F.2d 904, 911–12 (4th Cir. 1984) (reversing a denial of motion to dismiss for lack of personal jurisdiction in a medical malpractice case, where the South Carolina

plaintiff had traveled to the Georgia defendant hospital); *see generally* Philip Mirrer-Singer, *Medical Malpractice Overseas: The Legal Uncertainty Surrounding Medical Tourism Law and Contemporary Problems*, 70 Law & Contemp. Probs. 211, 214 (2007). The issues salient to personal jurisdiction are KST's contacts with South Carolina, not Ms. Watkins's domicile:

> The residence of a recipient of personal services rendered elsewhere is irrelevant and totally incidental to the benefits provided by the defendant at his own location. It is clear that when a patient travels to receive professional services without having been solicited . . . then the client, who originally traveled to seek services apparently not available at home, ought to expect that he will have to travel again if he thereafter complains that the services sought by him in the foreign jurisdiction were there rendered improperly.

*Wolf*, 745 F.2d at 911 (quoting *Hume v. Durwood*, 318 S.E.2d 119, 122 (S.C. Ct. App. 1984)). That reasoning is even more *apropos* to claims against the foreign manufacturer of a medical instrument used by an independent out-of-state physician.

Plaintiff's claims against KST do not arise from KST's contacts with the District of South Carolina. Accordingly, the Court grants KST's motion to dismiss for lack of personal jurisdiction.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** KST's motion to dismiss (Dkt. No. 30), and KST is **DISMISSED WITHOUT PREJUDICE** from this action.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 2, 2016
Charleston, South Carolina